**[J-93-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| THOMAS MIRON, | : | No. 88 MAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 290 CD |
| | : | 2023 dated April 10, 2024, Affirming |
| v. | : | the Order of the Delaware County |
| | : | Court of Common Pleas, Civil |
| | : | Division, at No. No. CV-2022- |
| DELAWARE COUNTY TAX CLAIM | : | 006747 dated February 7, 2023. |
| BUREAU, ARTHUR F. URBANY AND JAC | : | |
| PROPERTIES, | : | ARGUED:  November 19, 2025 |
| | : | |
| Appellees | : | |

## CONCURRING STATEMENT

**JUSTICE WECHT**

We granted review in order to answer the following question:

Whether, under Section 602 of the Real Estate Tax Sale Law, 72 P.S. § 5860.602, a mortgagee of real property is entitled to written notice via personal service or mail of an impending upset tax sale of the property on which the mortgagee holds a mortgage in light of the United States Supreme Court's decision in *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), and this Court's decision in *First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau*, 470 A.2d 938 (Pa. 1983)?[1]

Having read the parties' briefs and heard their arguments, I join the decision to dismiss this appeal as improvidently granted.

MAC Business Services held a deed to a property in Delaware County. MAC executed a mortgage in favor of Thomas Miron.  After MAC failed to pay its property taxes, Delaware County's Tax Claim Bureau scheduled an upset tax sale.  Arthur F. Urbany was

---

[1]    *Per Curiam* Order, 11/19/2024.

the successful bidder.  He assigned his interest to JAC Properties.  The deed was issued to JAC.   Soon after, the Tax Claim Bureau informed Miron of the sale.  Miron attempted to set aside the sale because he was not afforded prior notice.  The trial court denied relief.  The Commonwealth Court affirmed, holding that the relevant statutes do not require that notice be given to a mortgagee.[2]

In *Mennonite Board of Missions*, the United States Supreme Court recognized a procedural due process right to notice for mortgagees in the context of tax sales that would erase existing mortgages.  There, the Court struck down an Indiana statute which authorized a tax sale that extinguished a mortgage without prior notice to a mortgagee, who thereby was denied the opportunity to redeem the property.[3]  Similarly, in *First Pennsylvania Bank,* this Court, relying upon *Mennonite Board of Missions*, found a similar right to notice for the mortgagee when the tax sale extinguished a mortgage that was junior to the tax lien.[4]  By contrast, there appears to be no question that the mortgage in this case survives the tax sale, so these authorities are not directly on point.

A due process argument could someday be ventured to the effect that prior notice should  be afforded to a lienholder even in a scenario where the lien will survive the tax sale.  In the normal course, a mortgagee would be entitled (and, indeed, expected) to investigate a potential mortgagor and make an informed decision about whether the mortgagee wishes to extend credit to, and do business with, a particular mortgagor.  In the tax sale situation, the mortgagee is forced to contract with the winning bidder of the tax sale, inasmuch as the winner takes the property subject to the lien.  Without advance notice of the sale, the mortgagee is denied the opportunity to weigh risk, assess the buyer,

---

[2]     *See* 72 P.S. §§ 5860.102, 5860.602(e)(1).

[3]     462 U.S. at 798-800.

[4]     470 A.2d at 184-87 (Opinion Announcing the Judgment of the Court).

or take any measures calculated to preserve asset value and protect its interest in the property (notwithstanding that its interest is not a fee interest).  If provided notice, the mortgagee might elect to secure its collateral by paying the back taxes, bidding at the tax sale, or pursuing other statutory remedies.[5]

Miron failed to present any argument whatsoever along these lines.  Consideration of such issues must await another day.

---

[5]    *See, e.g.,* 72 P.S. § 5860.603 (providing that "[a]ny owner or lien creditor" may stay the sale by entering an agreement for a payment plan).